UNITED STATES v. PEARSON & EMMOTT.

(Circuit Court, S. D. New York. May 23, 1904.)

No. 3,024.

1. CUSTOMS DUTIES—CLASSIFICATION—WOOLEN RAGS—WASTE.
    Clippings of woolen material, produced in the process of making up garments, are "rags," within both the popular and the commercial signification of the term, and are more specifically provided for as "woolen rags," in paragraph 363, Tariff Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 183 [U. S. Comp. St. 1901, p. 1666], than in paragraph 362 of said act (30 Stat. 183 [U. S. Comp. St. 1901, p. 1666]), as "wastes composed wholly or in part of wool, not specially provided for."

On Application for Review of a Decision of the Board of General Appraisers.

These proceedings were brought by the United States in the matter of an importation by Pearson & Emmott, with regard to which the

assessment of duty by the collector of customs at the port of New York had been reversed by the Board of General Appraisers. Note G. A. 4,555, T. D. 21,595, and U. S. v. Cummings (C. C.) 65 Fed. 495.

D. Frank Lloyd, Asst. U. S. Atty.

William B. Coughtry and Walter K. Griffin, for the importers.

TOWNSEND, Circuit Judge.   The articles in question comprise the portions of woolen material clipped from the piece in the course of making up garments.   They are commercially designated by dealers in waste and by hosiery manufacturers, specifically, as "clippings" or "clips," and are included by them within the designation "waste," as a generic term.   They are waste in the sense that they are refuse portions of the fabric, which cannot be used by the woolen mill.   They are "rags" in the dictionary and popular signification, and are commercially designated and dealt in as rags by rag dealers.   The evidence shows that the greater part of their business consists of dealings in this class of rags.   The evidence fails to show that the term "rags" is confined, in trade and commerce, generally to pieces of old, worn-out garments.   There is considerable evidence tending to show that this merchandise is known as "new rags," as distinguished from "old rags."   Several of the witnesses for the government admit that these pieces are commercially known as "rags."   It further appears that during the last 10 years such merchandise has always been passed by the customs authorities as rags.

It would seem, from the class of articles specifically designated as varieties of waste under the provisions of paragraphs 361 and 362 of the tariff act of 1897, and from the evidence herein, that the term "waste" is generally applied to threads or yarn either before they have been woven into a fabric, or to such threads or yarn reduced by the disintegration of the refuse fabric.

The merchandise was assessed for duty, under the provisions of paragraph 362, of said act of July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 183 [U. S. Comp. St. 1901, p. 1666], as "waste, not specially provided for."   The importers have protested on the ground that the articles are woolen rags, and dutiable as such under the provisions of paragraph 363 of said act (30 Stat. 183 [U. S. Comp. St. 1901, p. 1666]), which provision covers woolen rags, and is not qualified by the term "not specially provided for."

Inasmuch as the evidence fails to show any such extensive commercial designation of this merchandise as waste as would take it out of the general class of woolen rags, it must be held to be specially provided for under said paragraph 363, and therefore not dutiable as "waste, not specially provided for."

The decision of the Board of General Appraisers is affirmed.